

FILED

DEC 21 2018

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>SEAN PATRICK GILMORE,<br><br>Defendant/Movant. | Cause No. CR 17-023-BLG-SPW<br>CV 18-159-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Sean Gilmore's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Gilmore is a federal prisoner proceeding pro se.

In reviewing the motion, the Court has consulted the recording of Gilmore's change of plea hearing. Pursuant to 28 U.S.C. § 753(f), the United States will be required to order the transcript for the Court's file and for Gilmore.

Gilmore was convicted of one count of possessing 50 or more grams of methamphetamine with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1); and one count of possessing a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c). *See* Indictment (Doc. 10) at 3 (Count 2), 5 (Count 6); Plea Agreement (Doc. 103) at 2 ¶ 2, 3–4 ¶ 4. On July 12, 2018, he was sentenced to serve 84 months on Count 2 and a consecutive 60 months on Count 6,

1

for a total prison term of 144 months. When he is released, he will serve a five-year term of supervised release. *See* Judgment (Doc. 144) at 2–3.

Gilmore timely filed a motion under 28 U.S.C. § 2255 on Oct. 31, 2018. *See* Mot. § 2255 (Doc. 149) at 6; 28 U.S.C. § 2255(f)(1). He alleges that the United States "could not establish that the firearm in question was used in a drug trafficking offense," *id.* at 2, and that 18 U.S.C. § 924(c) is unconstitutional, *id.* at 4.

Gilmore waived his right to file a § 2255 motion, excepting claims of ineffective assistance of counsel. *See* Plea Agreement (Doc. 103) at 8 ¶ 8(a) para. 2. But it is more efficient to address his claims on the merits.

The United States was not required to prove that Gilmore actually used the firearm while trafficking in drugs. When he pled guilty to Count 6, he admitted that agents found a loaded pistol under his desk, available to cover the door, when they searched his shop, where he was keeping methamphetamine. These facts demonstrated the firearm was proximate to Gilmore's meth, readily accessible to him, and strategically placed where it was likely to be needed, and that is all that is necessary to show he possessed the firearm "in furtherance of" drug trafficking. *See United States v. Thongsy*, 577 F.3d 1036, 1041 (9th Cir. 2009).

Gilmore also alludes to *Johnson v. United States*, \_\_ U.S. \_\_, 135 S. Ct. 2551 (2015), to argue that § 924(c) relies on an unconstitutionally vague definition

of the phrase "crime of violence." See 18 U.S.C. § 924(c)(3); Mot. § 2255 at 2–4. He acknowledges that the predicate offense for application of § 924(c) in his case was a drug trafficking offense defined in § 924(c)(2), not a crime of violence defined in § 924(c)(3). He asserts that a constitutional defect in one portion of the statute should make the statute unconstitutional "across the board." Mot. § 2255 at 3–4. But the general rule is to remedy the constitutional defect, not to strike an entire statute. See, e.g., United States v. Booker, 543 U.S. 220, 246 (2005) ("We seek to determine what 'Congress would have intended' in light of the Court's constitutional holding."). The definitions of a "crime of violence" and of a "drug trafficking offense" are distinct from one another. Section 924(c)(4) does not use any of the elements of § 924(c)(3). Therefore, even assuming that § 924(c)(3) is unconstitutionally vague—a point that need not be decided here—there is no reason to suppose that defect would undermine the validity of § 924(c)(4). And there is no reason to suppose that Congress would intend to eliminate any penalty for possessing a firearm in furtherance of drug trafficking if a portion of its definition of a "crime of violence" proved unconstitutionally vague.

Both of Gilmore's claims are denied for lack of merit. A certificate of appealability is not warranted, because reasonable jurists would find no basis to hold § 924(c)(4) unconstitutionally vague and no basis to believe Gilmore did not possess a firearm in furtherance of drug trafficking.

Accordingly, IT IS HEREBY ORDERED:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the change of plea hearing, held on February 20, 2018, is required to decide an issue presented by Gilmore.

2. The United States shall immediately order the transcript of that hearing for the Court's file, with copies to be delivered to Sean Patrick Gilmore, BOP # 07707-046, FCI Englewood, Federal Correctional Institution, 9595 West Quincy Ave., Littleton, CO 80123.

3. Gilmore's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 149) is DENIED.

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Gilmore files a Notice of Appeal.

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 18-159-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Gilmore.

DATED this 21st day of December, 2018.

Susan P. Watters
United States District Court